**AFFIRM; and Opinion Filed March 28, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-18-00869-CR

---

### ALEXIA REYES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1633196-R

---

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen III
Opinion by Justice Brown

Alexia Reyes appeals the trial court's judgment adjudicating her guilt for robbery. In a single issue, appellant asserts the trial court erred in granting the State's third motion to proceed with an adjudication of guilt. She argues the State did not meet its burden to prove she violated a condition of her community supervision that required her to participate in the Substance Abuse Felony Punishment Facility program. We affirm.

In March 2016, eighteen-year-old appellant was indicted for robbery. The State alleged she intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of the property, threatened or placed the complainant in fear of imminent bodily injury and death. *See* TEX. PENAL CODE ANN. § 29.02. On June 3, 2016, appellant pleaded "no contest" to the offense. In accordance with a plea agreement, the trial court deferred

adjudication of guilt, placed appellant on community supervision for five years, and assessed a $1,000 fine.

One month later the State moved to proceed with an adjudication of guilt. The State alleged appellant violated nine conditions of community supervision. The alleged violations included testing positive for cocaine and failing to follow the rules of an electronic monitoring program. Appellant pleaded true to the allegations. The trial court did not adjudicate guilt at that time. Instead, it modified the conditions of appellant's community supervision to add two conditions. The first of these is the condition at issue in this appeal:

> Defendant shall participate for an indeterminate term of confinement and treatment of not less than 90 days or more than twelve months in the Substance Abuse Felony Punishment Facility [SAFPF] Operated by the Institutional Division of the Texas Department of Criminal Justice . . . and shall comply with all rules and regulations, attending all sessions and continuing in the program until successfully released from the Program or until the Court releases the defendant from the Program.

In addition, the court required appellant to participate in a "drug/alcohol continuum of care treatment plan" for defendants who are released from SAFPF.

Appellant first entered the SAFPF program on November 14, 2016, but was unsuccessfully discharged on March 8, 2017. A SAFPF program specialist informed the trial court that appellant had "numerous rules violations" and "[a]ll interventions have been to no avail as [appellant] continues to violate program rules and disrupt the daily activities of the program."

After that, the State filed its second motion to proceed with an adjudication of guilt. The State alleged appellant violated the condition of community supervision requiring participation in SAFPF and five other conditions. Appellant pleaded true to the allegations in the State's motion. Rather than adjudicating guilt, the court again ordered appellant to participate in the SAFPF program. The language in the court's second modification order requiring appellant to participate in SAFPF is identical to the language quoted above from the first modification order.

On March 5, 2018, the State moved for a third time to proceed with an adjudication of guilt. This time it alleged a sole violation—appellant's failure to "participate in the [SAFPF] Program . . . and comply with all rules and regulations, attending all sessions and continuing in the program until successfully released." Appellant pleaded not true to the allegation.

At an April 2018 hearing, Albertiene Conrad, the Dallas County probation officer who supervised appellant while appellant was in SAFPF, testified. Appellant went to SAFPF for the second time on June 12, 2017. She again had "numerous violations." Because it would take a long time to go through all violations in detail, Conrad instead summarized some of them. In November 2017, appellant "received a thirty day behavior contract for a[n] out of place case." Appellant violated that contract by "kiting, which is passing messages, and violating a no contact that she had for an unhealthy relationship." In December 2017, appellant's behavior "really started to deteriorate." Appellant was placed on a seven-day alternative treatment program for violating her behavior contract. Also in December, her housing assignment was changed "due to an unhealthy relationship and refusal to abide by the no contact order."

When appellant arrived at SAFPF in June 2017, she had a projected release date of December 9, 2017. Appellant's release date was later extended thirty days to January 9, 2018, for violation of the program's rules. Upon her release from SAFPF, appellant was to be placed with the Salvation Army for the continuum of care program also required as a condition of community supervision. Appellant was not discharged from SAFPF on January 9 because the Salvation Army did not have a bed for her. According to Conrad, if the Salvation Army had a bed available on January 9, appellant would have successfully completed the SAFPF program.

But on January 30, 2018, appellant received a fifteen-day behavior contract "in a major case for contraband, for kiting messages related to an unhealthy relationship." Appellant violated the contract by "disrespecting counseling staff, contraband, and failure to follow a loss of

privileges stipulations in violating the no contact order." On February 5, 2018, appellant's treatment team met and decided to unsuccessfully discharge her from the SAFPF program because she would not follow the program rules and regulations.

Conrad testified it is "very common" for someone to have a projected release date, but no space available for them. She testified that a person in the program is to follow the rules and regulations up until the day she is actually released. She also stated, "It doesn't matter about what date the contract expires. It's when they have a bed available for her, that's when she is released." Conrad herself recommended to the trial court that appellant receive a "judicial reprimand and be released to [the judge's] regular caseload based on the fact that had a bed been available, she would have left the unit successfully."

Appellant testified and acknowledged that she was at times disrespectful to the officers while she was in SAFPF and that she was "out of place" when she was supposed to be doing certain things. She further acknowledged she fell "off the rails" in December 2017. Appellant understood that she was supposed to comply with all SAFPF rules until she was released to the Salvation Army.

This time the trial court granted the State's motion to proceed with an adjudication of guilt. The court entered a judgment adjudicating guilt and sentenced appellant to confinement for five years.

Appellant contends the trial court erred in adjudicating her guilt. She argues the State could not prove she violated the condition of her community supervision at issue because she completed the SAFPF program. Appellant does not dispute that she failed to comply with the rules of the program. She contends she completed the program on January 9, 2018, and that "failure to comply and/or breaking of a rule (while waiting to be transferred) should not have any impact as to whether probationers 'successfully completed' SAFPF on their projected release date."

We review a trial court's decision to proceed with an adjudication of guilt for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). On a motion to proceed with an adjudication of guilt, the State has the burden to prove a violation of a condition of community supervision by a preponderance of the evidence. *Id.* at 864–65. "A preponderance of the evidence" means the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of community supervision. *Id.* at 865; *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.).

There is no question appellant failed to comply with SAFPF rules and regulations. The conditions of her community supervision required her to comply with all rules and regulations of the SAFPF program until "successfully released" from the program. Appellant could not be released from SAFPF until a bed opened up for her at the next facility. Appellant herself acknowledged that she was supposed to comply with all SAFPF rules until she was actually released. On this record, the greater weight of the credible evidence creates a reasonable belief that appellant violated a condition of her community supervision. We conclude the trial court did not abuse its discretion in adjudicating appellant's guilt. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

180869F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALEXIA REYES, Appellant

No. 05-18-00869-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1633196-R.
Opinion delivered by Justice Brown, Justices Schenck and Pedersen III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of March, 2019.